MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS
V. J. B. PRICE, DISTRICT JUDGE, ET AL.

No. 4636.   Decided December 1, 1926.
(288 S. W., 415).

**Mandamus—Verdict—Special Issues.**

In an action for death of an engineer by collision of trains, verdict on special issues, submitted without objection of the parties, found that deceased, under orders to wait at a station till a named hour, left same before the time so named; but there was no finding by jury or court that this was negligence or was the proximate cause of the collision. Each party moved for judgment in its favor on the verdict, which the court overruled, and of its own motion set aside the verdict and ordered a new trial. Each seeks in this proceeding, brought by defendant, for mandamus by the Supreme Court, ordering a judgment to be entered in its favor on the verdict. *Held:*

(1)   The verdict on the special issues did not warrant a judgment in favor of either plaintiff or defendant without the determination of the issues of negligence and proximate cause left unsettled by the special findings.   (P. 246).

(2)   The Supreme Court is without power to order the making of

particular findings by the trial judge to supplement those left unsettled by verdict of the jury on special issues. (P. 246).

(3) The trial judge's grounds for ordering a new trial not being shown, it cannot be determined that his action was unwarranted. (Pp. 246, 247).

(4) The case of Gulf, C. & S. F. Ry. Co. v. Canty, 115 Texas, 537, is distinguished. (P. 247).

Original application to the Supreme Court by the Missouri, K. & T. Ry. Co. of Texas for writ of mandamus to Price as District Judge. Leave to file the application, at first refused, was granted on rehearing. Mrs. Thomason, who was made co-respondent to relator's petition, answering sought mandamus to require judgment to be entered in her own favor.

The court referred the application to the Commission of Appeals, Section B, for their opinion, and adopting same refuse the writ in accordance with it.

*C. C. Huff, Page & Powell,* and *J. M. Chambers,* for relator.

A District Judge has no power to set aside consistent and responsive answers of the jury to the special issues submitted to them, in the absence of any complaint by and over the objection of both parties. Rev. Stats., 1925, Arts. 2209, 2232; Lloyd v. Barrick, 35 Texas, 1; Clark & Loftus v. Pearce, 80 Texas, 146; Hume v. Schintz, 90 Texas, 72, 75; Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 1.

That the failure of deceased to obey the order was the proximate cause of his death is expressly held in the case of McDonald v. Gt. Northern Ry. Co., 207 N. W., 194. That such violation of the order is a complete defense is held in the following cases: Lancaster v. Jarrett, 258 S. W., 271; Ry. Co. v. Wiles, 240 U. S., 444; Frese v. Ry. Co., 263. U. S., 1; Davis v. Kennedy, 266 U. S., 147.

That a failure to request the submission of a principal issue upon which depends a right of action or a defense, where the same is not submitted by the court, is a waiver of the right of action or defense in cases submitted by special issues is held in Kirby Lbr. Co. v. Conn, 263 S. W., 902, opinion by Judge Greenwood; Galveston, H. & S. A. Ry. v. Price, 240 S. W., 524, Comm. of App., Section B, which case was submitted upon special issues as shown in 222 S. W., 628. The same proposition is held in the case of Texas City Trans. Co. v. Winters, 222 S. W., 541, Comm. of App., Section B. This principle was first held by the Court of Civil Appeals of the Fourth District, in San Antonio Public Service Corp. v. Tracy, 221 S. W., 637, and has been followed by the Court of Civil Appeals in the Second District in

Abilene v. McMahan, 271 S. W., 188, and by the Court of Civil Appeals of the First District in Texas & N. O. Ry. v. Wagner, 262 S. W., 902, on rehearing, page 916, and is reaffirmed in the following cases by the Commission of Appeals: Kistler v. Latham, 255 S. W., 983; Miller v. Lemm, 276 S. W., 211; and Boatner v. P. W. Ins. Co., 241 S. W., 136.

The finding of the jury that deceased failed to obey his "wait order," together with the undisputed evidence that he ran his train past the waiting point on to the point of collision, precludes a recovery by plaintiff, regardless of the issue of negligence presented by her petition.

*Staples & Harris, Maynard & Maynard,* and *Harris & Harris,* for respondent Thomason.

Co-respondent submits that if the collision occurred at a point one and a half miles north of the station of Hillendahl, and it occurred *after 9 oclock p. m.,* then it inevitably follows that the northbound train was moving at the moment of the collision in perfect obedience to the orders and was at the time of the collision where it should have been under its orders, and it necessarily follows that the southbound train was at the moment of the collision moving on the main line at a point where it had no right to be after 9 o'clock p. m. and in direct, open violation of its orders. These facts having been admitted in part by relator and in part found by the jury, it follows as the night follows the day, that the train crew of the southbound train was guilty of negligence, and that the death of L. P. Thomason was the direct and proximate result of the negligence of the defendant railway company and of its servants and employes operating the southbound train, and the trial court should have so found and entered judgment for plaintiff as requested by her in her motion for judgment. The question of the time and place of the happening of the collision being the ultimate controlling issue in the case.

Co-respondent further suggests that if relator is correct in its contention that judgment could not be entered in co-respondent's favor, because of her failure to have submitted to the jury the issue of proximate cause, then the court was right in refusing to order judgment at all, because judgment in favor of relator is precluded by the finding of the jury to the special issue submitted at its request. The jury found in answer to that issue that the violation of the rule by Thomason was not the proximate cause of his injury and subsequent death. It is well established in this State that no judgment can be entered in conflict with the findings of the jury.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

At the July term, 1925, there went to trial in the District Court of Bastrop County, Texas, the personal injury suit of Mrs. Stella Thomason v. M., K. & T. Railroad Company of Texas. Her husband, an engineer for the defendant company, had been killed in a head-on collision near Hillendahl, Texas, between passenger trains Nos. 23 and 26. The only material defense offered by the railway company was to the effect that engineer Thomason had violated his train order requiring him to wait until 9 p. m. at Hillendahl before proceeding north. It was claimed that he violated this order and could not recover.

The case was tried upon special issues. The four issues submitted to the jury, and the answers thereto, read as follows:

"SPECIAL ISSUE No. 1. Did the collision between the northbound train No. 26, and the southbound train No. 23, occur after 9 o'clock p. m., according to the time then in use by the defendant in the operation of its trains? You will answer 'yes' or 'no.' Answer, yes.

"SPECIAL ISSUE No. 2. Did the northbound train No. 26 pass the north switch at Hillendahl before 9 o'clock p. m., according to the time then in use by the defendant in the operation of its trains? You will answer 'yes' or 'no.' Answer, yes.

"SPECIAL ISSUE No. 3. What amount of money, if paid now, would reasonably compensate Mrs. Stella Thomason for the death of her husband, L. P. Thomason? You will answer, stating the amount in dollars and cents, if any. Answer, $15,000."

At the request of the defendant, another special issue was submitted as follows:

"GENTLEMEN OF THE JURY: The undisputed evidence in this case shows that the deceased L. P. Thomason failed to read order No. 61 controlling the movement of his train to his Conductor, J. A. Carney, as he was required to do under rule No. 210(a) of the defendant promulgated for the guidance of its employes, and the court submits for your decision the following question:

"Was the failure of the said L. P. Thomason to read said order to said Conductor J. A. Carney a direct and proximate cause of the accident resulting in the loss of the life of the said L. P. Thomason? You will answer this question 'yes' or 'no.'

"ANSWER: No."

There was no objection to these issues by Mrs. Thomason. She requested no other issues except one as to discovered peril, which was refused. The railway company made no objection to the

issues as submitted, except the one on measure of damages. That is immaterial to our inquiry here. The railway company did object to some general instructions which accompanied the issues. But, the fact is that the *first two* issues are, in effect, those requested by the company.

When the answers to aforesaid special issues were returned, the plaintiff and defendant each entered a motion for judgment. Both motions were overruled by the court. The court, of its own motion, set the answers to the special issues aside and ordered a new trial. The relevant portion of his judgment reads as follows:

"The said answers of the jury to said issues submitted to it were returned into open court by the jury on July 20, 1925, and received by the court and the jury discharged. Subsequently, and on July 22, 1925, both plaintiff and defendant filed motions requesting the court to render judgment, the plaintiff asking that judgment be rendered in her favor for the sum of $15,000, and the defendant asking that judgment be rendered in its favor, that plaintiff take nothing by her action, and both said motions were, on said day presented to the court by the respective parties, and the court after hearing argument upon said motions and being fully advised in the premises, finds that both should be overruled and denied and that the findings of the jury should be set aside and a new trial granted.

"It is therefore considered, ordered and adjudged that the said findings, answers and verdict of the jury be and the same are hereby set aside and held for naught and a new trial granted, and that said cause stand for trial in due course. To which action of the court both plaintiff and defendant excepted then and there and in open court gave notice of appeal to the Court of Civil Appeals of the Third Supreme Judicial District of Texas, and upon request of both parties, eighty days after the adjournment of this term, be and the same is hereby allowed, within which to prepare and have approved and file a statement of facts and bills of exceptions."

In due course, the railway company attempted to appeal from said judgment of the court, under the Act of the Thirty-ninth Legislature allowing appeals from orders granting motions for new trials. But the Court of Civil Appeals at Austin dismissed the company's appeal. See 280 S. W., 325. The company then applied for writ of error, which was refused by our Supreme Court.

The plaintiff, Mrs. Thomason, abandoned her appeal, notice of which she had given at the time the judgment was entered.

After being denied its alleged right of appeal, and having no other remedy, the company, with due diligence, applied to the Supreme Court for permission to file petition for mandamus, requiring the District Judge to enter judgment for the company upon the answers returned by the jury. The motion was over-ruled. But, on motion for rehearing, it was granted. The cause is now before us on petition for mandamus, seeking the relief just mentioned.

Judge Price has merely entered his appearance. He has filed no answer. The respondent, Mrs. Thomason, has answered. In her answer, she pleads over for a mandamus, requiring Judge Price to enter judgment in her favor for $15,000.

The pertinent and material inquiry in this case is whether or not the action of the trial court, on its own motion, in setting aside the jury's findings shall be sustained. If so, then the prayer of each party for mandamus must be denied.

It will be observed, in the instant case, that the trial court, in entering his judgment, did not state his reason or reasons. There was no request that he state them. Furthermore, there is nothing in the pleadings or record before us which shows that any reason was his sole and only reason for ordering a new trial. In the petition for mandamus, filed by the railway company, it is stated:

"Nor did the respondent assign any reason for the making of such order, other than a verbal announcement from the bench that the findings and answers of the jury were conflicting and therefore not a proper basis for the rendition of judgment for either party."

It is unnecessary for us to determine whether or not the find-ings of the jury were conflicting. Assuming, for the purposes of this opinion only, that they are not conflicting, as alleged by relator in its petition, it is still clear to us that we should not mandamus the trial court and compel him to enter a judgment in this case for either of the parties. This was a jury trial. The parties left the finding of many material issues to the court. The court, in the light of the record before him, and having observed the witnesses as they testified, was apparently unwill-ing to make certain findings, in addition to the jury verdict, which were essential to the entry of a judgment in the case. We have no authority to compel him to make particular findings. The jury did not find that Thomason was *negligent* in leaving the switch before 9 oclock, nor that such action, even if it con-stituted negligence, was the proximate cause of the collision. Such findings were necessary before the railway company was

entitled to a judgment. The trial court may have thought that the collision would have occurred even if engineer Thomason had not passed the switch before 9 oclock in violation of his order.

On the other hand, the jury did not find that it was *negligence* on the part of the southbound train to be north of the switch after 9 o'clock, in violation of its order, nor that such negligence, if negligence it be, was the proximate cause of the collision. Such findings were essential to a judgment for the plaintiff.

The railway company refers us to the recent case of Gulf, C. & S. F. Ry. Co. v. Canty, 115 Texas, 537, 285 S. W., 296, where this court did recommend the issuance of a mandamus against the trial court. But, the instant case is not similar to the Canty case. In the latter case, the trial court stated, in his judgment entry, that his sole and only reason for failing and refusing to enter judgment for the railway company was that the jury findings were conflicting. In that case, the jury acquitted the company of negligence. That being true, that one finding demanded a judgment for the defendant, unless such finding was in conflict with some other jury finding. It clearly was not so in conflict. Consequently, in that case, the one jury finding, alone and by itself, authorized and required the entry of a judgment in favor of the railway company as a matter of law. We have shown that no such situation was presented by the jury findings in the case at bar.

In view of what we have said, we recommend that each petition for mandamus be denied.

The opinion of the Commission of Appeals is adopted and mandamus refused.          *C. M. Cureton,* Chief Justice.