SOUTHLAND-GREYHOUND LINES, INCORPORATED, V. G. E. RICHARDSON, DISTRICT JUDGE, ET AL.

No. 6352. Decided October 23, 1935.
(86 S. W., 2d Series, 731.)

*Barnes & Barnes* and *J. Austin Barnes,* of Beaumont, *J. T. Adams* and *DeWitt Bennett,* both of Orange, and *Dan Moody,* of Austin, for relator.

*H. M. Kinard* and *K. W. Stephenson,* both of Orange, for respondents.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Relator seeks the issuance of a writ of mandamus commanding respondent, the judge of the District Court of Orange County for the First Judicial District, to enter judgment on the verdict of the jury in a cause in said court, wherein respondent Jacquot sued relator for damages on account of personal injuries suffered in a collision on a public highway between an automobile driven by said respondent and a bus owned by relator.

The petition in the cause in district court alleged a number of acts of negligence on the part of the driver of the bus as proximate causes of the collision and resulting injuries. The defendant, the relator here, alleged several acts of the plaintiff Jacquot as constituting contributory negligence and as being proximate causes of the collision and injuries. Such acts of the plaintiff were pleaded both as contributory negligence and

as sole proximate causes. The trial court submitted to the jury the several issues made by the pleadings, and all issues were answered except certain of them which by reason of answers made to other issues were not required to be answered.

The jury by its answers found that the driver of defendant's bus was negligent, in operating the bus at a rate of speed in excess of fifteen miles an hour at the time he was attempting to pass plaintiff's car, in driving the bus immediately before and at the time of the collision at a dangerous rate of speed, and in failing to keep the bus under control, and found that each of such acts of negligence was a proximate cause of the collision. It further found by its answers that the plaintiff immediately before and at the time and place of the collision was driving his car at a rate of speed in excess of fifteen miles per hour and that plaintiff failed to keep a proper lookout, and that each of these acts constituted contributory negligence as that term was defined in the charge, and further that neither of said acts on the part of the plaintiff constituted the sole proximate cause of the collision.

Contributory negligence was thus defined in the charge:
" 'Contributory negligence' is such an act or omission on the part of the plaintiff, as amounting to a want of ordinary care and prudence, as concerning or co-operating with some negligent act or omission, if any, of defendant, is a proximate cause of the injury."

Defendant filed a motion that the court render judgment in its favor on account of the jury's findings of contributory negligence. Plaintiff filed and presented a motion in the following language:

"Now comes Isiah Jacquot, plaintiff in the above entitled and numbered cause, and moves the court to set aside the special verdict and findings of the jury herein upon the following grounds:

1.

"The findings of the jury to the various and sundry issues submitted to it are conflicting in a great many respects and according to such findings it would have been impossible for the jury to have reached any verdict; that such findings are too indefinite, uncertain and conflicting to support a verdict or a judgment of this court.

2.

"The findings of the jury conclusively show that it was its intention to render a verdict in favor of the plaintiff because said jury awarded the plaintiff the amount of Five Thousand

($5,000.00) Dollars in the way of actual damages, but the plaintiff says that the findings in answer to the Special Issues submitted are conflicting and could not and would not support the rendition of a judgment by the trial court in plaintiff's favor, or in favor of either party to this action.

"WHEREFORE, the premises considered, the plaintiff Isiah Jacquot prays that all of such findings and special verdict be set aside and that a new trial be granted or a mistrial be declared."

The trial court, after hearing the two motions, entered the following order:

"On this, the 10th day of October, A. D. 1932, came on to be heard defendant's Motion for Judgment, and also came on to be heard the plaintiff's motion to set aside the special verdict and findings of the jury and to declare a mistrial herein; and the Court, after hearing said motions and the argument of counsel thereon, is of the opinion that defendant's motion to enter judgment should be over-ruled, and the same is hereby over-ruled, and that plaintiff's motion to set aside the special verdict and findings of the jury and to declare a mistrial should be in all respects sustained; and it is therefore ordered by the Court that said special verdict and findings of the jury be set aside and held for naught, and that a mistrial be entered and a new trial granted, to all of which the defendant then and there excepted."

■ The jury by its verdict found three acts of negligence on the part of the driver of defendant's bus, and that each of such acts was a proximate cause of the collision. It further found, however, that plaintiff was driving his car at a rate of speed in excess of fifteen miles per hour and that he failed to keep a proper lookout, and that each of such acts of the plaintiff constituted contributory negligence as defined in the charge. The issues submitted and answered were responsive to the pleadings, and by the answers were found all the facts in issue necessary to the rendition of judgment. Plaintiff's motion was, as it is described in the trial court's order, a motion "to declare a mistrial." It did not invoke the jurisdiction of the court to grant a new trial because of insufficiency of evidence to support the answers, or because of erroneous rulings upon the admission of evidence, or on any other ground involving the exercise of judicial discretion. It is apparent from the verdict, the motion and the court's order that the only action requested of, and taken by, the trial court was

to determine whether there was conflict in the jury's findings with respect to any fact essential to the rendition of a final judgment. The cause therefore is ruled by Gulf C. & S. F. Ry. Co. v. Canty, 115 Texas, 537, 285 S. W., 296, and Cortimeglia v. Davis, 116 Texas, 412, 292 S. W., 875, rather than by the authorities relied upon by respondents; and to this cause is applicable the rule thus stated in the case last cited:

"The judge of the court, however, has no arbitrary right to refuse to enter judgment on a verdict which constitutes a finding on all the facts tendered in the pleadings necessary to the rendition of judgment. And, when it appears from the verdict itself and the order refusing to render and enter judgment thereon that such refusal is arbitrary and not based on the exercise of discretion, mandamus will lie to require entry of judgment. In such case the action of the judge is in effect a refusal to proceed to judgment in the trial of the cause."

Missouri-Kansas-Texas R. Co. of Texas v. Brewster (Com. App.), 124 Texas, 244, 78 S. W. (2d) 575, differs from this cause in that there the plaintiff's motion prayed for a new trial "in specific terms on account of alleged conflicts in the verdict *and on other grounds,*" such other grounds being that the answer to one issue was contrary to the preponderance of the evidence, and that another answer was contrary both to the weight of the evidence and to the undisputed evidence. It was held that the motion invoked the jurisdiction of the court and that the court in granting the motion granted a new trial in the case and acted within its jurisdiction in so doing, even though the court's order stated erroneous reasons for its action. The basis of the decision in Missouri-Kansas-Texas R. Co. v. Brewster is that the jurisdiction of the court (and consequently its judicial discretion) was invoked to pass upon a motion for new trial. Plaintiff's motion in this cause was not of such nature, and a determination of the motion, amounting merely to the entry of judgment or the refusal to enter judgment on the verdict, did not involve the exercising of judicial discretion.

Wright v. Swayne, 104 Texas, 440, 140 S. W., 221, is similar to Missouri-Kansas-Texas R. Co. v. Brewster. A third motion for new trial, containing many specifications of error claimed to have been committed by the trial court and also attacking the verdict of the jury, was granted, the order not showing on what ground. It was contended that the order was void because of a statute which provided that not more than

two new trials should be granted to either party in a case except for errors committed by the court or for misconduct of the jury. The decision was that the court's order was not void, because it should be held, where the record is silent, "That the action of the trial court should be referred to and based upon some of the grounds set out in the motion upon which as a matter of law it was justified in granting the motion."

Missouri, Kansas & Texas Ry. Co. v. Price, 116 Texas, 241, 288 S. W., 415, does not sustain respondents' position. In that case the court declined to issue writ of mandamus to compel the trial court to enter judgment, because in the trial, which was before a jury, the parties had left the finding of many material issues to the court. It was held that the trial court could not be compelled by mandamus to make particular findings. In this cause all material issues were submitted to and decided by the jury.

■ Respondents insist that the verdict did not require the rendition of judgment for the defendant because there was no specific finding by the jury that plaintiff's acts of negligence, or either of them, proximately caused the injury. While the charge and verdict would have been in better form if the trial court had submitted separately to the jury the several essential elements of contributory negligence, we think the jury by its answers to the issues submitted necessarily determined that the two acts of negligence on the part of the plaintiff were proximate causes of the injury. The jury found that plaintiff was driving his car at a rate of speed in excess of fifteen miles an hour at the time of the collision and that he failed to keep a lookout, and then in answer to issues separately submitted found that each of these acts of the plaintiff constituted contributory negligence *as defined in the charge.* In so finding the jury answered that the acts were negligent and that they were proximate causes, because the definition of contributory negligence in the court's charge as hereinabove quoted includes these two essential elements. The definition given is an approved definition. Martin, Wise & Fitzhugh v. Texas & P. Ry. Co., 87 Texas, 117, 121, 26 S. W., 1052; Koons v. Rook (Com. App.), 295 S. W., 593, 597.

■ Respondents contend that there is conflict or inconsistency in the findings of the jury. This contention is based upon certain answers of the jury to special issues not hereinabove discussed: That the bus did not fail to travel on the right

side of the road; that plaintiff did not drive his car so that the left front wheel was on the south side of the center line of the highway; that plaintiff did not turn his car sharply to the left diagonally across the highway into the side of the bus; and that plaintiff did not fail to drive his car parallel to the center line direction of the highway. It is argued that in view of these findings the collision could not have occurred. It is also argued that plaintiff could not have been guilty of contributory negligence in driving at a rate of speed in excess of fifteen miles per hour, or in failing to keep a lookout, when he was on the side of the highway where he had a lawful right to be.

Both arguments are answered by the undisputed fact of collision and by the jury's findings of negligent acts of defendant's employee and of plaintiff and that such acts of both parties were proximate causes of the collision. Plaintiff alleged that the collision occurred and that in it he was injured. The entire charge assumes that there was a collision. As the case was given to the jury there was no issue with respect to the occurrence of the collision.

■ We do not think that a conflict betwen a fact admitted (or as to which there is no issue) and findings by the jury of facts not essential to the rendition of judgment can destroy, or affect the validity of, a verdict where, as here, material facts have been found sufficient to support and require the entry of judgment.

Furthermore, the findings with respect to the positions of the bus and plaintiff's car are not necessarily inconsistent with the occurrence of a collision. Both vehicles may have been so near to the center of the road that they collided, although the bus was driven on the right side of the highway and although plaintiff's car was not so driven that its left front wheel was on the south side of the center line of the highway and was not turned to the left across the highway.

■ The fact that plaintiff was driving on the side of the highway where he had a lawful right to be did not relieve him of the duty to use care in keeping a lookout, or of the duty imposed by the statute then in effect to reduce the speed of his automobile to fifteen miles per hour when passing another motor vehicle. Certainly the obligation to use care in keeping a lookout rests always upon every driver of an automobile upon a public highway, although the degree of care required

varies, of course, in accordance with the particular circumstances and conditions.

The verdict found all the facts tendered in the pleadings necessary to the rendition of judgment. There were no conflicting findings with respect to any indispensable fact in issue. Judgment should have been rendered for the defendant, because the verdict found acts of negligence on the part of the plaintiff and that such acts, concurring or cooperating with negligent acts of the defendant, were proximate causes of the injuries. The trial court's action in declaring a mistrial was in effect a refusal to proceed to judgment.

The writ of mandamus will issue in accordance with the prayer of relator's petition.

Opinion adopted by Supreme Court October 23, 1935.