**AMERICAN BOTTLING CO. v. BRIGGS, District Judge, et al.**

**No. 12161.**

Court of Civil Appeals of Texas. San Antonio.

July 12, 1950.

104

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, for relator.

Lyman, Pittman, Pogue & Schraub, Corpus Christi, for respondents.

NORVELL, Justice.

American Bottling Company, relator, seeks a peremptory writ of mandamus ordering the Hon. Cullen W. Briggs, Judge of the Disrict Court of Nueces County, Texas, 117th Judicial District, to render judgment that Stephen G. Barclay, individually and as next friend of Sterling Edward Barclay, a minor, take nothing as against relator in Cause No. 40,975-B on the docket of said court.

It is asserted in said Cause No. 40,975-B, that the minor plaintiff was injured by an explosion of a Coca-Cola bottle which had been filled by relator. Specific acts of negligence in filling and charging the bottle were alleged, and in the alternative the doctrine of res ipsa loquitur was relied upon.

Trial was to a jury and after plaintiffs had completed their case, American Bottling Company moved for an instructed verdict. This motion was overruled and the case submitted to the jury upon special issues. The jury were unable to agree upon the answers to certain questions asked of them and returned an incomplete verdict. The bottling company filed a motion to disregard this partial verdict and render judgment for it upon the theory that it was entitled to a peremptory instruction.

American Bottling Company, as relator here, has filed a record of the testimony introduced upon the trial below as an exhibit to its petition for mandamus, and contends that on this record it was entitled to judgment as a matter of law because there was no evidence showing that it was legally responsible for the injuries sustained by the minor plaintiff.

Relator argues that, (1) an appellate court will issue a writ of mandamus ordering a trial court to render judgment on the verdict of a jury, and (2) that in deciding whether or not a judgment should be rendered upon the verdict, the appellate court will determine if certain necessary findings not submitted to the jury are supported by the uncontradicted testimony. Based upon these premises, it is asserted as a logical proposition that if an appellate court may decide one issue from the undisputed evidence, it may decide all issues from the undisputed evidence, or conversely may decide all issues upon a "no evidence" basis. In other words, it is asserted that, regardless of the jury's findings, a writ of mandamus should issue ordering the rendition of judgment when the record of the evidence shows that the party applying for the writ is entitled to judgment as a matter of law.

■ Article 1824, Vernon's Ann. Civ. Stats., provides that a Court of Civil Ap-

peals "may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause * * * ," and it is well settled that under the provisions of this article and those of Rule 300, Texas Rules of Civil Procedure, taken from Article 2209, providing that judgment shall be rendered on the verdict, a Court of Civil Appeals may direct the rendition of a judgment upon the verdict by mandamus. Lloyd v. Brinck, 35 Tex. 1; Gulf Colorado & Santa Fe Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139.

While obviously an appellate court may not order the rendition of a judgment upon a special verdict if certain issues were not submitted to the jury and the evidence relating thereto is conflicting, Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Missouri-Kansas-Texas Ry. Co. v. Price, 116 Tex. 241, 288 S.W. 415, it seems that when a necessary issue is supported by the undisputed evidence, the appellate court may consider the issue as established and order judgment rendered upon the verdict. O'Meara v. Moore, 142 Tex. 350, 178 S.W.2d 510, 513. This should be the rule. A case in which a defendant's liability is based upon jury findings that, (1) A was B's servant and (2) while driving a truck in the course of his employment (3) committed an act (4) which was negligent and (5) was the proximate cause of C's injuries, can hardly be distinguished from one in which the first and second elements above set out are established by the undisputed evidence and consequently not submitted to the jury.

However, in all of the cases above cited, the question involved was that of rendering judgment upon the verdict. Relator here seeks an order directing the rendition of judgment notwithstanding the verdict. In this the present case differs from those cited, and this difference precludes the issuance of the order prayed for by the relator. The practice which permits the ordering of the rendition of judgment upon the jury's findings developed originally from the use of the general verdict. When a general verdict is used, the law applicable to the case is set out in the court's charge and the rendition of judgment upon a verdict for the plaintiff or for the defendant seldom if ever involves complex questions. In Lloyd v. Brinck, 35 Tex. 1, a general verdict case, the act of rendering judgment on the verdict was regarded as involving no judicial discretion. It was stated that "a writ of mandamus will issue to an inferior court to compel the performance of a certain and positive duty made mandatory by law, or where the duty is ministerial and involves no judicial discretion." This rule has been applied to special issue findings although the right to judgment upon this form of verdict may involve decisions upon points of law which are much more difficult and complex than those arising in a case where the jury simply finds for the plaintiff or for the defendant. In fact, most applications for writs of mandamus of the type here considered are filed as a result of a trial judge's conclusion that the findings of a jury are conflicting, a point upon which a difference of opinion may well arise, as is disclosed by the reported cases. Fredericksburg Hospital & Clinic v. Springall, Tex. Civ.App., 220 S.W.2d 692; Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139.

Although the change from the general verdict to special jury findings may result in an appellate court's making findings from undisputed evidence in certain cases in which mandamus is sought, this development does not authorize the appellate court to order the rendition of a judgment non obstante veredicto and thus find all the issues in a case from the undisputed evidence, or to determine that there is "no evidence" supporting plaintiff's alleged cause of action. There is an essential difference between a judgment on the verdict and one rendered notwithstanding the verdict. The statutes and the rules of civil procedure at the present time do not provide for a mandamus ordering a trial judge to render judgment non obstante veredicto.

The petition for mandamus is denied.