DAVIS et al. v. YOUNGER BROS.,
Inc., et al.

No. 12570.

Court of Civil Appeals of Texas.
San Antonio.

July 1, 1953.

Rehearing Denied Sept. 2, 1953.

Oliver & Peace, Roscoe Johnson, Mour-
sund, Ball, Moursund & Bergstrom, W. B.
(Jack) Ball, Eskridge, Groce & Hebdon,
San Antonio, for appellants.

Carl Wright Johnson, San Antonio, Ed-
ward P. Fahey, San Antonio, Simpson,
Clayton & Fullingim, Amarillo, Scott, Wil-
son & Cureton, Waco, for appellees.

POPE, Justice.

This is an appeal from a judgment non
obstante veredicto in favor of the defend-
ant Younger Brothers, Inc., in a death suit
involving a three-way truck collision on a
bridge. A panel truck, owned by Standard
Cigarette Service, Inc., was proceeding
in an easterly direction between Seguin
and Luling at about 8:00 a. m. on a clear,
dry October morning. It approached a nar-
row bridge that was twenty feet wide, and,
according to the jury findings, carefully
stopped at the west approach to the bridge
and awaited a truck that was driving onto

the bridge from the east. The Cigarette truck was in no way at fault in the manner in which it was driven. The oncoming truck that was proceeding across the bridge in a westerly direction belonged to defendant Younger Brothers, Inc. It was a heavily loaded truck and trailer, and weighed about 46,500 pounds.

The third truck belonged to Ace Welding & Boiler Works. It was a ton and a half flat-bed truck and contained welding equipment. It was headed east, following the Cigarette truck, and was also facing the oncoming Younger Brothers truck. When the Cigarette truck stopped at the west end of the bridge to wait for the Younger Brothers truck to cross the bridge, the Welding Works truck collided with the left rear of the Cigarette truck and then proceeded out of its right lane into the left lane onto the bridge directly in front of the approaching Younger Brothers truck. Charles Walker Davis, an employee of the Ace Welding & Boiler Works, was a passenger in the Welding Works truck and was killed in the head-on collision. His widow, children and mother commenced this suit. Traders and General Insurance Company intervened on its subrogation claim.

The jury excused the Cigarette truck of all negligence. The driver of the Welding Works truck was found negligent in six different particulars, but those acts of negligence are not imputable to the passenger, Davis. The jury found that the Younger Brothers truck was driven at an excessive rate of speed but that the speed was not a proximate cause of the collision. But the jury also found that the Younger Brothers truck was driven in excess of forty-five miles per hour, which is the statutory limit for trucks of that weight, and that such driving was a proximate cause of the collision. The jury, having found that Younger Brothers truck was negligently driven by reason of speed and that the Welding Works truck was negligently driven by reason of several findings, then found that the concurring acts of negligence by the drivers of the two trucks were the sole proximate cause of the collision.

The trial court disregarded the above jury findings that Younger Brothers truck was driven in excess of forty-five miles per hour, which proximately caused the collision, and denied recovery to the plaintiffs; and judgment was rendered in favor of Younger Brothers, Inc., on its cross-action against Ace Welding & Boiler Works for $7,800 for damages to its truck and cargo. From this statement of the case it becomes apparent that the only fault chargeable to Younger Brothers truck is the speed at which it was driven. It is charged and found by the jury that the truck was driven in excess of forty-five miles an hour, and that such driving was a proximate cause of the collision. If the jury findings with reference to speed cannot stand, the trial court correctly rendered judgment notwithstanding the findings.

Appellee Younger Brothers, Inc., seeks to uphold the judgment which disregarded the findings for the reason that the pleadings did not raise an issue about statutory speed which the jury found against it. It further urges that there was no evidence to support the finding that its truck had exceeded the statutory speed limit, and also that speed, under the facts of this case, could not have been a proximate cause of the accident.

■■ We consider the pleadings by the Davis family as adequate to embrace an issue on statutory negligence based on speed, but we consider discussion of that point unnecessary and immaterial to a disposition of the case. We are further of the opinion that there is evidence in the record which supports the jury finding that the Younger Brothers truck was driven in excess of forty-five miles per hour. The driver denied he exceeded that limit and Younger Brothers, Inc., insists that the trial court erred in admitting the testimony of two witnesses who observed the speed of Younger Brothers truck shortly before the accident at a point about one and one-half miles from the scene of the accident. They estimated the truck's speed at between fifty-five and sixty-five miles per hour. Younger Brothers, Inc., reasons that by ignoring the testimony of those two

witnesses, the jury finding as to speed loses support in the evidence, and for that reason the judgment non obstante veredicto should stand. The physical evidence on and about the paved highway was examined and interpreted by a State Highway Patrolman and adequately supports the jury finding as to speed, independent of the testimony of the two witnesses. Stroud v. Smith, Tex.Civ.App., 119 S.W.2d 894. But we are of the opinion that their testimony was properly admitted and that it was not too remote, either as to time or distance, from the scene of the accident. The driver of the Younger Brothers truck stated that he continued along the highway at the same speed, and those two witnesses stated what that same speed was. The speed at the bridge was connected with the earlier speed a short distance down the road. Similar testimony has been admitted as a part of the res gestae, but we approve its admission in this case by reason of the driver's statement that the speed on the bridge and at the earlier point, a mile and one-half distant, remained unchanged. See Houston Oxygen Co. v. Davis, Com.App., 139 Tex. 1, 161 S.W.2d 474, 140 A.L.R. 868; Ladd v. State, 115 Tex.Cr.R. 355, 27 S.W.2d 1098.

■ However, the judgment was correct. Under the pleadings, evidence and findings, the speed of the Younger Brothers truck constituted the only fault upon which appellants can rely for recovery, and, as a matter of law, speed was not the proximate cause of the accident.

We must assume that the Younger Brothers truck was proceeding at the fastest rate testified to by any one. Proceeding at that rate, it arrived at the east end of the bridge which was 137½ feet long, twenty feet wide and had concrete banisters enclosing both sides. The highway was twenty-four feet wide and was marked with a center stripe. The Cigarette truck, upon approaching the bridge from the west or opposite end, carefully came to a stop in its south lane, at a point about fifteen yards from the west end of the bridge to await clearance of the bridge by the oncoming Younger Brothers truck. Younger Brothers truck, once it was on the bridge, was boxed in on both sides with only one clear lane. After it had proceeded 122 feet across the bridge, with only about fifteen more feet needed to clear it, with its right side obstructed by concrete banisters and the left lane obstructed by the waiting Cigarette truck, the Welding Works truck first collided with the rear of the Cigarette truck, then bounced or drove out of its own lane into the wrong lane, completely obstructing all exits from the bridge. The result was a head-on collision.

■ Younger Brothers truck never left its right lane, it could turn neither to the left nor right, and the Welding Works truck precipitantly obstructed the last opening when only twenty feet separated the two trucks. As a matter of law, it can not be said that speed proximately caused the accident. Proximate cause was defined as an "act or omission * * * such that a person of ordinary prudence and care would anticipate the particular injury complained of, or some similar injury which might probably result therefrom * * *." To uphold a finding of proximate cause we must conclude that an ordinary prudent man sitting in the driver's seat of the Younger Brothers truck (1) would foresee that a vehicle would violate the law to get into the wrong lane with an approaching vehicle, (2) would pass another vehicle on a bridge, (3) would fail to keep a proper lookout, both as to the vehicle in front in his own lane and as to an oncoming vehicle in the other lane, and (4) would obstruct the only passage, so as to completely box in an approaching vehicle. On the basis of proximate cause, defined to include the element of foreseeability, the trial court as a matter of law correctly determined that speed could not constitute a proximate cause and granted the judgment favoring Younger Brothers, Inc.

Moreover, Wright v. McCoy, Tex.Civ. App., 131 S.W.2d 52, 54, holds that speed did not cause a collision between two trucks, one of which was driving on the left-hand side of the road. It stated:

"Did the speed of Wright's truck cause the injury? We may begin with that inquiry since technical proximate

cause includes simple cause. Therefore, if the speed of the truck was not a cause of the collision, then such speed, if negligence, was not a proximate cause of the injuries resulting from the collision. Under the jury's finding that McCoy's driver was driving the truck on his left-hand side of the highway, supplemented by the undisputed evidence, we are unable to see that the speed of Wright's truck was a cause of the collision. There was no evidence to support the conclusion, or inference, that if Wright's truck had been traveling 24 miles an hour, or 5 miles an hour, or even had it been standing still in the place of the collision, such collision would not have happened. It is equally apparent that but for the negligence of McCoy's driver there is no evidence to support a conclusion or warrant an inference that if Wright's truck had been going 60 miles an hour the collision could have occurred as a result of such speed. The speed of Wright's truck could not have been a cause of the collision, except only in some such sense as that if his truck had not been on the highway at all the collision would not have occurred. That is not believed to be within the common and ordinary meaning of the word 'cause.' "

In a three-way accident strikingly similar to the instant case, where a passing vehicle moved into the left lane and struck an oncoming vehicle that was in its right lane, the court said, with reference to speed of the latter vehicle: "Besides, it seems to us that in no event did the speed of Piland's car constitute a contributing cause to the accident. It was being driven well easterly of the center line of the pavement so as not in the least to interfere with the proper driving of vehicles in the opposite direction southerly along the westerly side of the pavement." Piland v. Yakima Motor Coach Co., 162 Wash. 456, 298 P. 419, 420. This same view is expressed in Whalen v. Dunbar, 44 R.I. 136, 115 A. 718, 720:

"There was no danger whatever, regardless of the speed of the defendant's automobile, until Brown suddenly drove his automobile across the road in front of the defendant's automobile at such close proximity to it that the collision was inevitable. If it should be conceded that the defendant's automobile at the time the emergency was created was proceeding at a rate of speed in excess of the statutory limit, there was no testimony of probative value showing or tending to show that the accident would not have happened if the defendant's automobile had been proceeding at the rate of 25 miles per hour, or even at a much less rate of speed, or that the speed of the defendant's automobile in any way entered into the cause of the collision.

"As the speed of the defendant's automobile in no wise contributed to the accident, the rate of speed is immaterial, and liability cannot be predicated upon the speed of said automobile. Burlie v. Stephens, 113 Wash. 182, 193 P. 684; Cross v. Rosencranz, 108 Kan. 350, 195 P. 857."

See also, Rabold v. Gonyer, 285 Ky. 618, 148 S.W.2d 728; Thronton v. Phillips, 262 Ky. 346, 90 S.W.2d 347.

Appellants present the final point that one juror during the deliberations stated that Davis, the deceased, may have died by reason of a heart attack following the initial collision with the left rear portion of the Cigarette truck. The evidence heard on the motion for new trial with reference to jury misconduct shows that the remark was a casual passing remark, which was not discussed. No finding of misconduct was made by the trial court. Rosamond v. Keyes, Tex.Civ.App., 255 S. W.2d 399. If misconduct did exist, it was not material. Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 486, 156 A.L.R. 1028, Maddox v. Texas Indemnity Insurance Co., Tex.Civ.App., 224 S.W.2d 495, 499.

The judgment of the trial court is affirmed.