**Lucy May WOMACK et al., Appellants,**

v.

**J. R. HAZELWOOD et al., Appellees.**

**No. 14832.**

Court of Civil Appeals of Texas.

Dallas.

July 2, 1954.

Rehearing Denied Sept. 24, 1954.

McKool & Bader and Harold C. Abramson, Dallas, for appellants.

Aubrey J. Roberts, Touchstone, Watson & Watson and O. O. Touchstone, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from a judgment for defendant in a suit for damages arising from a collision of two motor vehicles. Appellants Lucy May Womack and her four minor children as plaintiffs sued for the death of their husband and father Samuel A. Womack, Jr., deceased.

On April 17, 1951 at about 11:30 a. m., Samuel A. Womack was driving his 1947 Dodge automobile in a northerly direction on U. S. Highway No. 77 in the City of

Carrolton, Dallas County, Texas. Appellee J. R. Hazelwood, in the course of his employment for appellee Leland Reneau, was driving a truck loaded with gravel in a southerly direction. Hazelwood attempted to pass a Buick automobile which was proceeding ahead of him in the same direction. While he was on the left side of the highway, in the act of passing the Buick, his truck and Womack's Dodge car met in a head-on or near head-on collision in which Womack was killed.

A jury returned a verdict finding that appellee Hazelwood, the driver of the gravel truck, failed to keep a proper lookout, tried to pass a car without proper clearance, and drove his truck on the wrong side of the road; and that each of these acts was a proximate cause of the collision. However the jury also found that the deceased, Womack, Jr., the driver of the Dodge car, approached the point of the collision at a rate of speed which was unreasonable under the circumstances, and at a speed in excess of thirty miles per hour (the speed limit in the City of Carrolton), which speed proximately caused or proximately contributed to cause the collision. Based on such finding of contributory negligence on the part of Womack, Jr., the trial court rendered judgment for defendants.

Appellants contend that (1) as a matter of law the speed of the Dodge car could not have been a proximate cause of the collision, (2) there is no evidence to sustain the jury's finding that the speed of the Dodge car was a proximate cause, and (3) there is insufficient evidence to support such finding.

We find ourselves unable to agree with appellants. It is true that there is testimony in the record that Womack was proceeding at a speed not in excess of twenty miles per hour. But there is also testimony that he was proceeding at a speed of fifty or sixty miles per hour. Apparently the jury accepted the latter as correct.

The evidence, including pictures, shows that the collision took place at or near the intersection of Highway 77 and Crosby Street in the City of Carrolton. In that neighborhood there are a number of business houses on the Highway—a paint shop, a funeral home, an automobile agency, a service station, a grocery store, a lumber company, a veterinary office, a cafe, and others. To the north is an overpass on the Highway, the upper incline of which begins approximately 750 feet from the intersection. On each side of the paved portion of the road there is a gravel shoulder about twenty feet wide.

Appellee Hazelwood testified that just before the collision the Buick car in front of him pulled to its left to the center of the Highway and Hazelwood presumed it was going to turn to the left at the intersection of Crosby and Highway 77; then the Buick whipped back across the road on the right-hand side of the gravel shoulder.

The witness Charles Dlabaj testified that the left fender of the gravel truck was hit by the Dodge's left fender.

The witness James Campbell, who was working on a concrete mixer at the time, testified that he saw the collision. He says the gravel truck was traveling about thirty miles per hour; the Dodge car about sixty or sixty-five miles per hour. His attention was attracted by the screeching sound caused by the brakes being applied on the truck just before the collision. The Buick car in front of the gravel truck first started to turn to the left, then turned back to the right.

Ralph Bell, Constable of Precinct No. 2, which includes Carrolton, testified that he was standing in front of Dobecker's filling station a short distance from the point of collision. As the Dodge car passed the filling station it was going approximately sixty-five miles per hour. His attention was attracted by the peculiar sound the Dodge was making, as if it had bad transmission or something. Bell says that he went to the scene of the accident immediately. The point of collision, he says, was about two feet to the east of the center line of the highway—the main part of the truck was on the west or right-hand side of the center stripe. He, too, heard the screeching of brakes, but did not know

whether the sound came from the truck or the Dodge. After the collision he examined the paving and found skid marks made by the truck, but none by the Dodge.

A. A. Hodges testified that he was driving the next vehicle behind the gravel truck going south. The gravel truck was traveling thirty or thirty-five miles per hour, the Dodge about fifty miles per hour just before the collision.

Johnny Dobecker ran the service station near the scene of the collision. He was standing near Constable Bell at the time, and saw the Dodge pass his station. The Constable remarked that it was going fast. Dobecker looked around then and next thing he heard the crash. The Dodge was traveling at fifty-five or sixty miles per hour.

▪ The cases in which a court can determine proximate cause as a matter of law are rare. A jury verdict finding proximate cause will be set aside only if the undisputed facts are ample and clear, and the circumstances are exceptional. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982. In our opinion this is not such a case. Here the jury finding of proximate cause in connection with the excessive speed at which the Dodge car was operated, is based upon evidence sufficient under the circumstances to support the finding. Southland-Greyhound Lines v. Richardson, 1935, 126 Tex. 118, 86 S.W.2d 731; Jones v. Gibson, Tex.Civ.App., 18 S.W.2d 744; Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334.

In the Southland-Greyhound case above cited [126 Tex. 118, 86 S.W.2d 735], in an opinion adopted by our Supreme Court, Judge Smedley said: " * * * It is also argued that plaintiff could not have been guilty of contributory negligence in driving at a rate of speed in excess of 15 miles per hour, or in failing to keep a lookout, when he was on the side of the highway where he had a lawful right to be. Both arguments are answered by the undisputed fact of collision and by the jury's findings of negligent acts of defendant's employee and

of plaintiff, and that such acts of both parties were proximate causes of the collision. * * * The fact that plaintiff was driving on the side of the highway where he had a lawful right to be did not relieve him of the duty to use care in keeping a lookout, or of the duty imposed by the statute then in effect to reduce the speed of his automobile to 15 miles per hour when passing another motor vehicle. Certainly the obligation to use care in keeping a lookout rests always upon every driver of an automobile upon a public highway, although the degree of care required varies, of course, in accordance with the particular circumstances and conditions."

Appellants' points on appeal are overruled.

The judgment of the trial court is affirmed.

On Rehearing.

CRAMER, Justice.

Appellants have filed a strong motion for rehearing in which they assert that "the jury absolved Womack of all acts of negligence except that of speed. It is to be remembered that the appellants do not contend that speed may not, in all wrong side of the road collision cases that speed may never be a proximate cause of the collision. The appellants do contend that under the facts of this case, speed was not a proximate cause of this collision." And that, "The case of Davis v. Younger Bros. [Inc., Tex.Civ.App.], 260 S.W.2d 637, writ refused, n. r. e., is directly in point. This case also cites Wright v. McCoy [Tex.Civ. App.], 131 S.W.2d 52, which is also in point. The court cites Southland-Greyhound Lines v. Richardson [126 Tex. 118], 86 S.W.2d 731."

▪ In our further discussion of the case here we will not repeat the factual situation set out in the original opinion except where necessary in the interest of clarity, and since in passing on whether or not the evidence as a matter of law shows the speed of the Womack automobile not to

be a proximate cause, we will, under the settled rule, consider only the evidence favorable to the verdict. The facts in Davis v. Younger Bros., Inc., clearly distinguish that case from the one here involved. The collision there occurred on a bridge. The speeding car, as said in the opinion, "was boxed in on both sides with only one clear lane" [260 S.W.2d 639] ahead of it. Nothing, therefore, that the truck could have done would have avoided the collision. Highway 77, on which the accident here involved occurred, had wide graveled shoulders on each side of the pavement. The north side of Crosby Road dead-ended in Highway 77 at about the point of the collision. The evidence here shows that the automobile ahead of the truck veered slightly to the right and angled off the road, and as the Hazelwood truck passed around it while it was slowing down and angling off the road, it went over some few feet onto its left side of the Highway. The evidence most favorable to the verdict also shows that the left fender of the gravel truck was hit by the left fender of the Dodge. Under such evidence this case, in our opinion, is not controlled by, or in conflict with, but is clearly distinguishable from the Davis v. Younger Bros. case. Neither do we consider Wright v. McCoy, cited in the Davis case, to be in conflict with our opinion here, but also clearly distinguishable. In the case here the automobile ahead of the Hazelwood truck started to, or appeared to be starting to, turn left off of Highway 77 "into Crosby Road," and then turned back to the right and angled off the road to the right; at the same time appellees' truck, when the car ahead angled left, turned slightly to the right, and when the car ahead turned back to its right, he (appellee) turned back left and crossed the center line so that at the time of the accident the left side of the truck was across the center line. All the above movements occurred as the Womack automobile was approaching the scene at a high rate of speed.

Under such record proximate cause as to speed or failure to reduce speed was for the jury, and it would have been error not to submit such issues to the jury if requested.

Under such record we properly affirmed the trial court's judgment.

Motion for rehearing overruled.