**TRINITY UNIVERSAL INS. CO. v. HARGROVE.**

**No. 6229.**

Court of Civil Appeals of Texas. Amarillo.
June 16, 1952.

Rehearing Denied June 30, 1952.

C. C. Crenshaw, Jr., Lubbock, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

MARTIN, Justice.

This is a workmen's compensation insurance case involving two issues—one issue raised by appellant's brief and one issue raised by appellee's brief. Appellee, Joe Bailey Hargrove, by his original petition plead a general injury and by trial amendment plead specific injury to his left and right legs at or above the knees and under such petition sought compensation from appellant, Trinity Universal Insurance Company.

The cause was submitted to the jury under appellee's pleadings alleging that appellee sustained a specific injury to his left leg at or above the knee and to his right leg at or above the knee and that such injuries extended to and affected his entire body and general health and thereby entitled him to compensation for a general injury. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463. Appellant was successful in presenting this theory to the jury in the cause and a finding was returned by that body that appellee's "injury affected other parts of his body thereby causing disability."

An examination of the special issues and jury finding thereunder reveals that a judgment based on the specific injuries to appellee's right and left legs at or above the knees would yield a more substantial monetary return to the appellee than a judgment based on the general injury as found by the jury in its verdict. A judgment was rendered by the trial court permitting appellee to recover compensation for the specific injuries to appellee's right and left legs.

Appellant perfected an appeal from the judgment of the trial court and its one point of error asserts that the judgment of the trial court did not conform to the verdict of the jury and was excessive in that the judgment, if same be supported by competent evidence, should have awarded compensation only for total or partial disability resulting from the general injury received by appellee as found by the jury. Appellee contends that since the charge embodied both specific injury findings and general injury findings that he has the right to choose the specific injury findings, as same yield the most monetary return to him, and to have entered thereon a judgment in his behalf.

Appellee in his brief also raises an issue as to the type of judgment to be entered on appeal by asserting that if he is not entitled to the judgment awarding him compensation for his specific injuries that the Court of Civil Appeals under Rule 434, Vernon's Texas Rules of Civil Procedure, should not reverse and remand the cause but should render such judgment as the trial court should have entered under the jury findings of a general injury. In reply to this, the appellant asserts that since this point has been first raised on appeal it should now be allowed to file an amended brief in this court raising the issue that the evidence in the trial court does not support the jury finding of a general injury. On this issue, appellant has filed its motion for leave to file an amended brief raising an additional point that there is no evidence to support the jury finding of a general injury. In the light of the rulings herein made appellant's motion for leave to file an amended brief is denied. But, the application of sound principles of law should not require an appellant to assign error as to a judgment not yet in existence.

It is obvious that before a jury can properly find that a specific injury extended to and affected other parts of appellee's body, that there must first be a finding that appellee sustained a specific injury. The principle is also recognized which permits issues to be submitted in a cause as to specific injuries and also issues as to a general injury. But there is a distinction between this type of submission and a submission where the issues as to specific injuries are merely component parts of the submission of the issue as to a general injury caused by the extension of specific injuries to other parts of the body.

Appellee's theory that the trial court can disregard the findings of the jury as to a general injury and render a

judgment on the findings of specific injury alone is refuted by the ruling in Great American Indemnity Co. v. Sams, Tex.Civ.App., 170 S.W.2d 564, 566, affirmed by the Supreme Court of Texas in 142 Tex. 121, 176 S.W.2d 312:

"The controlling fact in this case is whether plaintiff's injury is general or specific. * * * Here the jury found on evidence, the sufficiency of which is not challenged, that the injury to plaintiff's wrist and arm extends to and affects other parts of his body with the result that he is thereby totally and permanently incapacitated. *Those findings eliminate from consideration any question of specific injury.*" (Emphasis added.)

The above ruling is fatal to appellee's theory in the cause since the jury found under the issues submitted in the case that the appellee's "injury affected other parts of his body thereby causing disability." The jury likewise found under other issues submitted to them that appellee's disability "was not confined solely to his left leg" and "was not confined solely to his right leg." The trial court was bound by such finding of the jury in the absence of motion, notice and hearing to disregard such issues and the jury findings thereunder as provided under Rule 301, Vernon's Texas Rules of Civil Procedure. The trial court had no alternative under the record but to render judgment on the jury verdict. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 110 S. W.2d 108, syl. 3–4; Southern Underwriters v. Gariepy, Tex.Civ.App., 105 S.W.2d 760, syl. 2; Jinks v. Whitaker, Tex.Civ. App., 195 S.W.2d 814, syl. 1–6; Farmer v. Denton, Judge, Tex.Civ.App., 231 S.W.2d 908, syl. 4. Appellant's point one is sustained.

The rulings hereinabove made bring the cause to the issue raised in appellee's brief that the Court of Civil Appeals should render such judgment in the cause as the trial court should have rendered under the verdict of the jury. As stated by the Supreme Court in the cause hereinafter cited, "We admit that this matter has given us some concern." The ends of justice will best be served by following, in principle, the procedure, quoted hereinafter, as laid down by the Supreme Court in Insurors Indemnity & Ins. Co. v. Associated Indemnity Corporation, 139 Tex. 286, 162 S.W.2d 666, 671, a case most nearly in point with the cause here in issue, by entering the following judgment, which is the judgment of this court, to wit:

The judgment of the District Court is reversed and the cause remanded to that Court for further proceedings as outlined by the Supreme Court in the following language: "The district court will take up and consider the kind and character of judgment he will enter in this case just as though no judgment whatever had ever been entered. In doing so he will permit any and all parties to file such motions as they desire. He will conduct such hearings on such motions as he may determine to be proper. He will then enter such judgment as to him may seem right. After the entry of such judgment, conditions and rights will be the same between all the parties to this suit as though the judgment of the district court here directed had been duly entered without this appeal. Any party, or parties, aggrieved may present motion for new trial. The trial court may either grant or refuse such motion or motions, as he may determine. If the trial court should overrule such motion or motions, the party or parties aggrieved may appeal."

In the light of the record in the case at issue it is pertinent to include a further statement as found in the above cause. The filing of assignments of error in the trial court will be treated as a necessary prerequisite to the right to have such errors considered on appeal. It will be sufficient to present the points of error in the brief. Rules 374, 418(b), 420.