**Wallace REED, Ind. and d/b/a Green Ball Taxi Company et al., Appellants,**

**v.**

**B. E. MASSEY, Ind. and as Next Friend for Bobby Gene Massey, a Minor, Appellees.**

**No. 3204.**

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1954.

Rehearing Denied Dec. 9, 1954.

Tom H. Kee, Waco, for appellants.

Corsbie, Koehne, Jones, Fulbright & Ponder, Waco, for appellees.

TIREY, Justice.

This is a collision case. Plaintiff grounded his cause of action on certain acts of negligence of a taxicab driver at a street intersection in the incorporated village of Beverly Hills, a suburb of the City of Waco. Pertinent to this discussion, his allegations were substantially that defendant failed to keep a proper lookout, and failed to have his vehicle under proper control, drove at an excessive rate of speed under the circumstances, drove in excess of the statutory speed limit of 30 miles per hour, in violation of the State's statute and the ordinances of Beverly Hills, drove on to the left side of the street at the time and place in question and drove across the center line of Memorial Drive, and failed to drive on his right side, and failed to turn to the right, failed to blow his horn, failed to apply his brakes, and failed to stop before striking plaintiff. He further plead that defendant drove his taxicab to the left of the center of the roadway when approaching within 100 feet of or traversing an intersection, in violation of Sec. 57 of art. 6701d of the Vernon's Ann.Civ.St. Tex.; that defendant failed to yield the right-of-way in violation of said statute, and that such acts and violations were the direct and proximate cause of the accident and resulting damages. The jury found substantially (3) that the taxicab driver failed to keep a proper lookout; (4) that such failure was a proximate cause of the collision; (5) that the driver of the taxicab was not driving at an excessive rate of speed; (7) that the failure of the taxi driver to blow his horn was not negligence; (9) that the taxicab driver did not drive in excess of 30 miles per hour; (12) that the taxicab driver drove his car on to his left side of the road; (14) that such drive to the left was negligence; and (13) was a proximate cause of the accident; (15) that the taxicab driver failed to slow down as he approached the intersection; (16) but that such failure was not negligence; (18) that the failure of the taxicab driver to stop before the collision was negligence, and (19) that such failure was a proximate cause of the collision; (20) that the taxicab driver failed to have his vehicle under proper control and (21) that such failure was negligence, and (22) was a proximate cause of the collision; (23) that the taxicab driver did not fail to yield the right-of-way to plaintiff; (26) that the difference between the reasonable cash market value of plaintiff's automobile immediately prior to the collision and after the collision was $200; (27) that B. E. Massey, for himself and his wife, had sustained injuries in the amount of $3,000; (28) that $12,000 would reasonably compensate the minor Bobby Gene Massey for his injuries; (29) that the collision was not the result of an unavoidable accident; (30) that the taxicab driver did not enter the street intersection prior to the time plaintiff entered it; (31) that the plaintiff did not fail to yield the right-of-way to the taxicab driver; (33) that the automobile of the plaintiff and the taxicab entered said street intersection from different streets at approximately the same time; (34) that plaintiff did not fail to yield the right-of-way to the taxicab driver; (36) that the plaintiff did not fail to keep a proper lookout for vehicles in or approaching the intersection or so close thereto as to constitute an immediate hazard; (39) that plaintiff did not fail to have his automobile under control as he entered the intersection.

The court granted plaintiff's motion for judgment and awarded the sums so found by the jury, and defendant seasonably filed his motion for new trial and amended motion for new trial, which motions were overruled, and he has perfected his appeal to this court.

Appellant's point 4 is substantially that the trial court erred in overrul-

ing appellant's motion for a new trial in that the jury's findings on Special Issues 31, 32, 34, 35, 36, 37 and 38 were against the preponderance of the evidence, contrary to law and clearly erroneous. It is true that point 4 does not expressly state that the findings of the jury are in irreconcilable conflict and by reason thereof this judgment should be set aside and the cause remanded, but we do find that such point was tendered in his original motion and his amended motion for new trial, and for that reason we have decided to consider it here. Going back to the verdict of the jury, we do find some apparent conflicts, but the jury found that the accident was not unavoidable and acquitted the plaintiff of all negligence, and also acquitted the plaintiff of all conduct to the effect that his action was the proximate cause of the accident. On the other hand, the jury's verdict convicted the defendant of negligence in the following respects: in driving his car to the left side of the road; that such action was negligence and a proximate cause of the accident; that the failure of the taxicab driver to stop before the collision was negligence and a proximate cause of the collision; and that the failure of the taxicab driver to have his vehicle under proper control was negligence and a proximate cause of the collision. We think that the foregoing factual situation brings this cause within the rule announced by our Supreme Court in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985. The court points out in this opinion the well established rule that where the essential element of proximate causation is lacking in the verdict, a conflict in the answers to special issues in such verdict is not fatal. That is the exact situation here. Since the jury found that the negligent conduct of the appellant was a proximate cause of the collision, the verdict of the jury will sustain a judgment in behalf of appellee.

But appellant, in his brief, argues substantially that the jury should have found that appellee failed to grant the right-of-way to appellant, that such failure was negligence and that it was a proximate cause of the collision, and that reasonable minds could not differ on such issues. We are not in accord with this view. In considering the testimony adduced, it is our duty to bear in mind the rule, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" See Olds v. Traylor, Tex.Civ.App., 1944, 180 S.W.2d 511, 514, points 8–9 (writ ref.). Moreover, the rule is also well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it. See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Tex.Digest, Appeal and Error, ⟨key⟩1010(1). We have carefully examined the testimony and it is our view that it is sufficient to support the express findings of negligence and proximate cause against appellant.

Rule 295, Texas Rules of Civil Procedure, provides: "If the verdict is informal or defective, the court may direct it to be reformed at the bar. If it is not responsive to the issue submitted, or contains conflicting findings, the court shall call the jury's attention thereto in writing and send them back for further deliberation." Since the court did not send the jury back it is obvious that it was of the view that there was no fatal conflict in the jury's findings. It also appears that neither counsel, at the time the verdict was read, complained to the court of a fatal conflict and no action with reference thereto was taken.

We have considered each of the other assignments made by appellant's brief and it is our view that they do not present reversible error. Accordingly, the judgment of the trial court is affirmed.