**MAXEY LUMBER COMPANY et al.,**
Appellants,

v.

**Jimmy DE GRAW et al., Appellees.**

No. 6457.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 3, 1955.

Rehearing Denied Jan. 24, 1955.

Crenshaw, Dupree & Milam, Lubbock, for appellants.

Ratliff, Conner & Walker, Spur, for appellees.

NORTHCUTT, Justice.

This was an action brought by Melvin DeGraw and Jimmy DeGraw as plaintiffs against Edmund Pat Sheridan and Maxey Lumber Company, a partnership composed of Homer G. Maxey and Harold Blank, as defendants to recover damages alleged to have arisen from a motor scooter and truck collision on Avenue Q just before reaching 19th Street in Lubbock on July 1, 1953. The motor scooter was being driven by the plaintiff, Jimmy DeGraw, and the truck of Maxey Lumber Company was being driven by its employee, Pat Sheridan. Melvin DeGraw was the father of Jimmy DeGraw.

The case was submitted to a jury upon special issues. The jury found both drivers guilty of negligence which proximately caused the accident. The jury found Jimmy DeGraw guilty of not keeping a proper lookout and found the same was a proximate cause of the accident. The defendants made and presented a motion for judgment upon the verdict of the jury but the same was denied. The plaintiffs made and presented their motion asking the court to disregard the findings made by the jury to the effect that Jimmy DeGraw was negligent and such negligence was a proximate cause of the accident and to grant them a judgment. This motion was granted giving Jimmy DeGraw, acting through his father as next friend, judgment for $2,550 and for Melvin DeGraw for $73.50 as against defendants and from this judgment, the defendants have perfected this appeal. The trial court set aside the findings of the jury as having no support in the evidence as to Special Issue No. 16 where it found that Jimmy DeGraw failed to keep a proper lookout and to Special Issue No. 17 where it found such failure was a proximate cause of the accident.

Appellants present this appeal upon one single point of error as follows:

"There is ample evidence to support the jury's findings that Jimmy DeGraw failed to keep a proper lookout and that such failure was a proximate cause of the collision, and the trial judge therefore erred in setting aside such findings, in rendering judgment against Appellants non obstante veredicto, and in refusing to grant Appellants' Motion for Judgment."

Appellees reply by eight counter-points contending there was no evidence in this record to support such findings of the jury as to negligence or proximate cause; that the failure to keep a proper lookout on the occasion in question did not establish Jimmy DeGraw was not keeping a proper lookout at some material time prior to the collision; that the fact that the jury found Jimmy DeGraw had his motor scooter under proper control on said occasion, such finding determined such question adverse to appellants and the answer to Special Issues Nos. 16 and 17 were surplus findings; that the answer to Special Issue No. 10 to the effect that Jimmy DeGraw had his motor scooter under proper control on the occasion in question included in the issue of proper lookout; that there was conflict between the answer to Special Issue No. 10 and the answer to Special Issues Nos. 16 and 17, and since the burden was on defendants to secure consistent and nonconflicting findings establishing defendant's defense of contributory negligence, the defendants waived their right to a finding on said issues by not calling such conflict to the attention of the trial court before the jury was discharged; that the court correctly overruled defendant's motion for judgment upon the verdict because of the conflict of the findings of the jury in answer to Special Issues Nos. 10, 16 and 17 and because of such conflict existing, the trial court was powerless to do other than declare a mistrial; and the answer of the jury to Special Issues Nos. 16 and 17 was against the greater and overwhelming preponderance of the evidence.

Special Issues Nos. 10, 16 and 17 were as follows:

"Special Issue No. *10*

"Do you find from a preponderance of the evidence that immediately before the collision Jimm*ie* DeGraw was operating the motor scooter in such a manner that he did not have it under proper control?

"Answer 'Yes' or 'No'

"Answer: *No*"

"Special Issue No. *16*

"Do you find from a preponderance of the evidence that on the occasion in question Jimm*ie* DeGraw failed to keep a proper lookout?

"Answer 'Yes' or 'No'

"Answer: *Yes*

"If you have answered Special Issue No. 16 'Yes', and only in that event, then answer the following Special Issue:

"Special Issue No. *17*

"Do you find from a preponderance of the evidence that such failure to keep a proper lookout, if you have so found, was a proximate cause of the accident?

"Answer 'Yes' or 'No'

"Answer: *Yes*"

Plaintiffs made no objection to the court's charge and none of the objections made by the defendants are presented here.

 There seems to be only one question for our consideration in this case and that is as to whether there was sufficient evidence to sustain the findings of the jury in answer to Special Issues Nos. 16 and 17. In passing upon motion for instructed verdict and for judgment non obstante veredicto, trial court is governed by test of whether there is any testimony of such probative force as to raise an issue of fact. Erwin v. Hays, Tex.Civ.App., 267 S.W.2d 884; Lone Star Gas Co. v. Denton, Tex. Civ.App., 270 S.W.2d 245; Rule 301, Texas Rules of Civil Procedure. It is to be noted that the trial court granted judgment for the plaintiffs herein solely upon the grounds that there was no evidence to support the jury verdict as to Special Issues Nos. 16 and 17. There was no objection made by either the plaintiffs or the defendants as to the holdings of the trial court but this appeal is based solely upon the action of the trial court as expressed by the court as to its reason for granting a judgment and that is that the answers of the jury to Special Issues Nos. 16 and 17 should be set aside and disregarded by the court as having no support in the evidence. We think it is well-settled, as the law in this state, that where the plaintiff is guilty of contributory negligence in failing to keep a proper lookout and that the same was the proximate cause of his damages, that he is precluded from recovering for his damages. Southland-Greyhound Lines, Inc., v. Richardson, 126 Tex. 118, 66 S.W.2d 731; Brown v. Dallas Ry. & Terminal Co., Tex. Civ.App., 226 S.W.2d 185 (writ refused). It is stated in Stehling v. Johnston, Tex. Civ.App., 32 S.W.2d 696, 697, (writ refused) as follows:

"Appellant contends that the jury's findings upon contributory negligence were inconsistent and incompatible with their further finding that appellee did not have the right of way, which appellant probably erroneously construes into a finding that he himself had the right of way. He contends that as he had the right of way he was relieved of the duty otherwise resting upon him of keeping a lookout. We are unable to sustain this contention, which is presented in appellant's propositions 4a and 5. The duty rests upon every traveler to keep a lookout in all situations of which he may be aware. If he is in that vague and elusive position of having the right of way across a city street intersection, yet he may not proceed blindly and in disregard of the dangers which common knowledge and everyday experience and observation

teach us lurk in every such situation. Having such right of way may give the traveler a certain technical legal status of superiority over his fellows thereabouts, but as a practical matter it gives him but scant assurance of safety from the recklessness or carelessness of others not so positioned and knowing or caring but little for his technical advantage. He is still under the duty of protecting himself from such heedless acts of others as may be anticipated or foreseen from his point of vantage, whatever and wherever it is. Here, the jury found that, although appellant may have had the right of way, yet, being so positioned, he failed to keep such lookout 'as a person of ordinary prudence would have kept under the same or similar circumstances'; that is to say, that a person of ordinary prudence, although having the right of way there, would have kept a better lookout than appellant did, and by such diligence would have avoided the accident. We overrule appellant's propositions 4a and 5."

We are of the opinion that if there was sufficient evidence in this case to substantiate the findings of the jury in replying to Special Issues Nos. 16 and 17 that the court erred in setting aside such findings and holding there was no evidence to sustain such findings. In considering the evidence herein, it will be considered as to whether there is any evidence and, since appellees presented the point in their brief, also whether such evidence is against the greater and overwhelming preponderance of the evidence.

Mr. Sheridan, the driver of the truck in question, testified he was going north on Avenue Q and was traveling in the east lane of traffic and stayed in that lane all of the time and kept a straight course until he got within about thirty feet of where he was turning into the lumber yard and then he pulled over just a little and was astraddle of the white stripe—his left wheels going over into the next lane of traffic about three feet so that he could make the turn into the gate and started to make his turn about five feet before he reached the opening. He further testified he turned on his indicators about 150 feet back showing he was going to make the right-hand turn—that he checked the indicator light and it was working—that he slowed down to about ten miles per hour before making his turn—that he had already started into the driveway when he was hit by the motor scooter. It is to be here noted that the jury found in reply to Special Issue No. 3 that Sheridan did not turn the truck he was driving to his right to enter a private driveway without giving an appropriate signal of his intentions to so turn said truck which is a finding that he gave the signal as he testified he did.

Jimmy DeGraw said the first time he actually noticed the truck was about the center of the block and the truck first put on the brakes about thirty feet before it got to the driveway—that he came into Avenue Q at 23rd Street and turned north on the inside lane, later turning into the east lane on Avenue Q but never noticed about the truck and did not know whether the truck was behind or in front of him. The first time he was conscious of the truck being there, it was right beside him and his motor scooter was about even with the back end of the truck—that they were going about the same speed—he slowed down when the truck did because he did not know what the truck driver was going to do. By deposition, Jimmy DeGraw testified he was in position to see the lamps on the back of the truck if they had been on. Mr. Williamson testified he saw the accident in question —that the truck and motor scooter passed his place of business and that the truck was driving in the east lane, known as the inside lane of Avenue Q—that the scooter was about thirty feet behind the truck (this would be behind the truck as the truck and scooter were going north)—that when Sheridan went to make his turn the left wheels went just barely over the line. There was other testimony in the record to substantiate the finding of the jury but we have given only what we think is enough of the evidence to show there was sufficient evidence to uphold the findings of the jury.

The Supreme Court states in the case of Burt v. Lochausen, 151 Tex. 289, 249 S.W. 2d 194, at page 199 as follows:

"Also, to sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon. Whiteman v. Harris, Tex.Civ. App., 123 S.W.2d 699, writ refused; Warren v. Schawe, Tex.Civ.App., 163 S.W.2d 415, writ refused.

"(6) 'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable." Stephenville, N. & S. T. Ry. Co. v. Shelton, Tex.Com. App., 208 S.W. 915, 916.' Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616, 618 (1–3); also 58 Am.Jur. 143, et seq., Trial, Secs. 158 and 159.'"

■ In the case of City of Austin v. Salazar, Tex.Civ.App., 241 S.W.2d 445, 456, the court, in construing the provisions of Rule 301, held in effect that in determining whether jury findings may be disregarded, the trial court must look only to the evidence and not to findings on other issues. There the court further said:

"First, every intendment from the evidence must be indulged in favor of the jury finding; and, second, only testimony which tends to support the finding can be considered, and conflicts must be disregarded and the testimony be considered in the light most favorable to the findings, and that although the facts may be undisputed, if reasonable minds can draw different conclusions or inferences from such evidence, an issue of fact is present, and the credibility of a witness must be submitted to the jury, even if such testimony is uncontradicted and will not support the finding of fact as a matter of law."

These rules were observed by this Court in the recent case of Goff v. Lubbock building Products, 267 S.W.2d 201.

■ We are of the opinion that the trial court erred in holding there was no evidence to support the findings of the jury and his setting aside the findings of the jury to Special Issues 16 and 17 and in granting judgment for the plaintiffs. We overrule appellees' counterpoints of error and sustain appellants' point of error and hold there was sufficient evidence to substantiate the findings of the jury as found in reply to Special Issues 16 and 17 as above set out and hold that the judgment should be reversed and rendered and that the plaintiffs recover nothing as against the defendants, appellants herein. Judgment reversed and rendered.

MARTIN, Justice (dissenting).

Appellees' attorney, in the following statement in regard to the issue of appellee failing to keep a proper lookout, summarized the facts necessary to determine whether the trial court correctly ruled there was no evidence to support the jury finding that appellee failed to keep a proper lookout and that such failure to keep a proper lookout was the proximate cause of appellee's injury.

"The question is this: Can a man be properly convicted of failing to keep a proper lookout when (1) he is driving a motor scooter at a safe speed, under proper control, in a legal place, in the outside lane of traffic, on the right side of a truck which is on the inside lane of traffic; (2) when the truck driver fails to yield the right of way on the outside lane to the motor scooter; (3) turns his truck to his right in front of a motor scooter in order to enter a private drive at a time when such movement could not be made with safety to the driver of a motor scooter?"

The above proposition is supported as to each element thereof by jury findings in the cause. The jury further convicted appellant of failing to keep a proper lookout and found that such was the proximate cause of the collision.

The jury findings of fact convict the appellant of violating Article 6701d, Section 60(a), Vernon's Texas Civil Statutes—"The driver of a vehicle shall drive as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Appellant is also convicted by the jury findings of fact of violation of Article 6701d, Section 68(a) requiring that no person shall " * * * turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety."

The jury, on sufficient evidence, placed appellant in the west or inside lane of the street and placed appellee on his scooter in the east or outside lane of the street and on the right side of the truck. These facts must be taken as established in arriving at a correct disposition of the issue of whether the trial court correctly disregarded the jury finding that appellee failed to keep a proper lookout and that the same was the proximate cause of his injuries. Appellant's counsel stresses the fact that appellant signaled he was going to make a turn to the right. As to such signal, under the applicable law hereinafter cited, appellee was only required to foresee that appellant was going to legally change to the east lane of the street *after he first ascertained that such movement could be made in safety.* (Emphasis added.) There was nothing in the mere signal itself, made while approaching an intersection, that would cause the appellee to foresee that appellant was going to make an abrupt turn across appellee's lane of traffic in attempting to drive into a private driveway. In placing stress merely on the giving of a signal, appellant wholly fails to attach any significance to Section 60(a), supra, which prohibits a driver from moving from the lane in which he is driving "until the driver has first ascertained that such movement can be made with safety." Appellant likewise wholly disregards Section 68(a), supra, and its application to the facts in the cause. Appellant, under the applicable law, was not required merely to signal for a right turn but he was also required to first ascertain that such movement could be made with safety.

Since appellee was not required to foresee that after making a signal for a turn, appellant would violate at least two provisions of the law by (1) not first ascertaining that he could change lanes with safety and (2) by driving directly across appellee's lane to enter a private driveway, the trial court correctly set aside the jury's answer to Special Issue No. 17 as to proximate cause. Appellant's mere signal as to his intention to turn did not give him a license to violate with impunity all other provisions of the law governing his conduct. There is no evidence in this record establishing that appellee could foresee that appellant would violate the law and cut across appellee's lane of traffic into a private driveway. Nor is appellee required to foresee such violation of the law by appellant under this record. Other than the element of appellant having given a signal, the facts in this cause as to the legal principle involved are identical with the facts shown in Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861; writ refused. The cause here in issue should be governed by the rule enunciated in such decision. Also see Volkmer v. Curlee, Tex. Civ.App., 261 S.W.2d 870; Seinheimer v. Burkhart, Tex.Com.App., 132 Tex. 336, 122 S.W.2d 1063, Syl. 4–5; Davis v. Younger Bros., Inc., Tex.Civ.App., 260 S.W.2d 637.

This cause is an appeal from a judgment of the trial court setting aside two jury issues because there was no evidence to support the same. It is apparent that if such judgment is reversed and judgment is rendered for appellant in this court, appellee has been wholly deprived of his right to raise the issue of insufficiency of the evidence to support the two jury issues in

question. Since the trial court set aside the two jury issues below, an assignment on the part of plaintiffs, appellees herein, as to the insufficiency of the evidence to support such issues was not required in the trial court and consequently is not in the record here. 22 Tex.Law Review 359 and cases there cited. As stated by this court in Trinity Universal Ins. Co. v. Hargrove, Tex.Civ.App., 256 S.W.2d 966, 967, in regard to a like situation, "the application of sound principles of law should not require an appellant (appellee here) to assign error as to a judgment not yet in existence."

The judgment of the trial court should be affirmed.