**SECURITY FINANCE COMPANY,**
Appellant,

v.

**Sam L. KONE, Appellee.**

No. 13192.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 30, 1957.

Rehearing Denied Nov. 27, 1957.

**164**

Brown & Brown, John A. Daniels, Pat Legan, San Antonio, for appellant.

Moursund, Ball, Bergstrom & Barrow, W. Pat Camp, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Sam L. Kone against Felix Chapa, doing business as Chapa Motors, B. T. Woodard, doing business as Woodard Motors, and Security Finance Company, a partnership composed of Sarah Pennington Rudd, John Barry Rudd, Evelyn Pennington Wirth, and Ferd L. Wirth, to recover the title to two new Chevrolet automobiles, and in the alternative the purchase price of $3,479, paid by him for said automobiles. The cause was submitted to a jury on some twenty-two special issues, and after disregarding the jury's answer to Special Issue No. 20, the court rendered judgment that Kone take nothing against B. T. Woodard, S. T. Pennington and Felix Chapa. That Kone recover from the Security Finance Company the sum of $3,479, together with interest, and exemplary damages in the sum of $2,000, and further that B. T. Woodard recover the title and possession of the two Chevrolet automobiles involved, from which judgment the Security Finance Company has appealed.

Appellant first complains that the court should not have disregarded the jury's answer to Special Issue No. 20, reading as follows:

> "Do you find from a preponderance of the evidence that at the time defendant, Chapa Motors, endorsed and delivered to defendant, Security Finance Company, the checks theretofore given to defendant, Chapa Motors, by the plaintiff, Sam L. Kone, the defendant, Security Finance Company, was not a holder in due course of such checks?"

The jury answered that it was a holder in due course.

Appellee, Kone, contends that he purchased from Chapa Motors the two Chevrolet automobiles involved herein, and that

he gave his checks in the sum of $1,479 and $2,000 in payment of these automobiles; that Chapa promised to deliver to him the certificates of title to these two automobiles but has never done so. He further contends that the appellant had taken over the control and management of Chapa Motors, and that Chapa was only the agent of appellant in making this deal, and that these checks should have been applied to clearing the title of the two automobiles purchased by him, so that he could receive certificates of title, but that, on the contrary, the money was converted to appellant's own use and that appellee never received title to the automobiles. In the alternative, appellee contends that appellant was not a holder in due course of his two checks and that therefore he was entitled to recover the title to the automobiles, or was entitled to a money judgment for the total sum of the two checks.

Woodard contended, and the jury so found, that he held the title to the two automobiles, and it was agreed and understood that no title should pass to the automobiles until he was paid in full the price for which he was selling them, and that he has never been paid.

Appellant's position is that it was strictly a finance company and that it had nothing to do with Chapa Motors other than the financing of automobiles sold by it; that an employee of Chapa's had endorsed the Kone checks over to appellant, with a request that it release a mortgage lien held by it on certain automobiles which Chapa had theretofore sold to one Beard and one Cobb, and that it took the two checks and paid a consideration therefor by releasing the liens on the Beard and Cobb automobiles, and that it was an innocent holder of the checks in due course.

The jury, by their answer to Issue No. 16, found that at the time Chapa sold the two automobiles to Kone he was acting as agent of Security Finance Company, and in answer to Special Issue No. 20, that at the time Chapa endorsed and delivered to Security Finance Company the checks signed by Kone, the Security Finance Company became a holder in due course of such checks.

These two findings by the jury are clearly in conflict. They cannot both be true. If Chapa in selling the automobiles was acting as an agent for Security Finance Company, it could not be a holder in due course of such checks. It is therefore clear that the court erred in disregarding the jury's finding in answer to Issue No. 20, unless it can be said, as a matter of law, that the jury's answer to that issue was not supported by any evidence of probative force from which the jury might have found as they did in answering this issue.

In determining whether or not there is any evidence of probative force supporting the jury's finding to the effect that appellant was a holder in due course of the Kone checks we must consider only that evidence which is favorable to the jury's answers, and if that evidence is of sufficient probative force from which the jury might have concluded that appellant was the holder in due course, then the court erred in disregarding this finding by the jury. Rule 301, Texas Rules of Civil Procedure; Curry v. Curry, Tex.Civ.App., 265 S.W.2d 899, reversed on other grounds 153 Tex. 421, 270 S.W.2d 208; Pool v. Boyer, Tex.Civ.App., 268 S.W.2d 223, reversed on other grounds 154 Tex. 586, 280 S.W.2d 564; Maxey Lumber Co. v. De Graw, Tex.Civ.App., 278 S.W.2d 607; Rea v. Simmons & Simmons Const. Co., Tex. Civ.App., 275 S.W.2d 747, affirmed Tex., 286 S.W.2d 415.

There is evidence in the record which would justify a conclusion that Felix Chapa was the sole proprietor and owner of Chapa Motors and that the Security Finance Company was in the exclusive business of making loans on automobiles and had financed many automobiles for Chapa Motors, and that in accepting the Kone checks the finance company paid a valuable

consideration without notice of any defect or flaw in the title of Chapa to the Kone checks, and thus became a holder in due course.

It is true that there is evidence tending to establish the fact that Chapa was in bad financial condition and that he was kiting automobile titles, and that such facts were known to appellant; that appellant had previous trouble with Chapa along this line. Appellant knew that Chapa was taking the money he had received from one automobile and used it to clear the title to a different automobile, and appellant was aware of other similar acts by Chapa. But it was the duty of the jury to weigh this evidence and determine whether or not, under all the facts and circumstances, appellant was a holder in due course of the checks.

The following Sections of Article 5935, Vernon's Ann.Civil Statutes are controlling here:

"Sec. 52. A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

"Sec. 55. The title of a person who negotiates an instrument is defective within the meaning of this Act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud.

"Sec. 56. To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

The instruments here involved were complete and regular upon their faces; appellant became a holder of them before they were overdue; appellant paid value therefor; and at the time the checks were transferred to appellant it had no actual notice of any infirmity in the checks or defect in the title of Chapa, so the only question remaining is, did appellant take the checks in good faith?

It cannot here be said that under all the facts and circumstances in this case appellant had knowledge of such facts which, as a matter of law, rendered its action in taking the checks one taken in bad faith. Citizens Bridge Co. v. Guerra, 152 Tex. 361, 258 S.W.2d 64; West v. First Baptist Church, 123 Tex. 388, 71 S.W.2d 1090; Quanah, A. & P. R. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701, 106 A.L.R. 821.

The trial court erred in disregarding the jury's finding in answer to Special Issue Number 20. Accordingly, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.