Fred F. WENTZEL, Individually and as
Next Friend, et al., Appellants,

v.

William NEURENBERG, Appellee.

No. 3550.

Court of Civil Appeals of Texas.

Waco.

April 24, 1958.

Rehearing Denied June 26, 1958.

John C. Cutler, Houston, Charles L. Krueger, Austin, for appellants.

Fulbright Crooker, Freeman, Bates & Jaworski, John C. Williams, Kelly D. Williams, Houston, for appellee.

TIREY, Justice.

This is a collision case. The jury in its verdict found substantially that defendant's truck was parked on Pauline Street in Pasadena by defendant's driver, while acting in the scope of his employment, and that it was left there at night without any visible tail lights or reflectors and no flares were set at the front of it or at the rear, and that such was negligence and a proximate cause of the collision; that plaintiff, who was the driver of his car, failed to keep a proper lookout, and that such failure was a proximate cause of the collision; that plaintiff was not operating his car at the time of the collision at a greater rate of speed than that at which he could stop it within the range of his vision, but found that plaintiff failed to turn his automobile sufficiently toward the left at such time as a person of ordinary prudence would have so turned in the exercise of ordinary care under the same or similar circumstances, but found that such failure was not a proximate cause of the collision, and further found that plaintiff did not operate his car without adequate and sufficient light from his headlights; that Wentzel failed to apply his brakes at such time as they would have been applied by a person of ordinary prudence in the exercise of ordinary care, and that such failure was a proximate cause of the collision; that Wentzel failed to keep his car under such control as would have been kept by a person of ordinary prudence in the exercise of ordinary care, and that such failure was a proximate cause of the collision, but found that Mrs. Wentzel, wife of plaintiff, did not fail to keep a proper lookout and that she did not fail to warn her husband of the presence of the truck on the street at such time as a person of ordinary prudence, in the exercise of ordinary care, would have warned him under the same or similar circumstances; Special Issue No. 22 was: "Do you find from a preponderance of the evidence that the light on the occasion in question from a west bound car constituted the sole proximate cause of the collision in question, to which the jury answered "We do not." The court further instructed the jury that if it had answered Issues 5, 7, 10, 12, 14 and 16, or any one or more of them, "We do" and only in that event, that they answered Issue 23, which was: "Do you find from a preponderance of the evidence that the acts or omissions, if any so found by you therein, constituted the sole proximate cause of the collision in question?", to which the jury answered "We do not." The court also instructed the jury to the effect that if it answered Issue No. 22 "We do not," and have answered Issues 5, 7, 10, 12, 14 and 16, or any one or more of them "We do," and only in that event, then answer Issue 24, which was: "Do you find from a preponderance of the evidence that the acts or omissions, if any, so found by you in such last above mentioned special issues, combined with the light of the west bound car on the occasion in question to constitute the sole proximate cause of the collision?", to which the jury answered "We do not." The jury further found that the collision was not the result of an unavoidable accident.

The jury awarded plaintiff Fred F. Wentzel the sum of $670 for his damages; to minor, John Lee $250; to minor, Linda Fay, the sum of $350; to minor Martha Ann the sum of $1,000, and for the loss sustained by the plaintiff and his minor children as a direct and proximate result of the death of Mrs. Elzie Wentzel, wife and mother, the jury awarded to plaintiff Fred F. Wentzel

the sum of $2,000; to the minor John Lee $4,000; to the minor Linda Fay $6,000; and to the minor Martha Ann $8,000.

Defendant seasonally filed motion for judgment non obstante veredicto, which was overruled, and in the alternative he filed motion for judgment on the verdict and submitted prepared form, which was adopted by the court, and in the judgment we find substantially this recital: The court decreed that plaintiff Fred F. Wentzel take nothing, and awarded to the minor John Lee the sum of $250; $350 to the minor Linda Fay, and $1,000 to the minor Martha Ann, and decreed that the money be paid into the registry of the court to be held by the Clerk of the Court and his successors in office, as a trust fund for the use and benefit of said minors pending further orders of the court, and taxed the costs against defendant. The plaintiff seasonally filed his motion for new trial, which was overruled, and perfected his appeal to the Houston Court of Civil Appeals, and the case is here on transfer order of our Supreme Court.

The judgment is assailed on what appellants designate as four points. They are substantially to the effect that the court erred (1, 2 and 3) in failing to sustain plaintiffs' motion to disregard the answer of the jury to Issue No. 5, because there was no evidence tendered to show that plaintiff Wentzel failed to keep a proper lookout while driving on Pauline Street, and therefore the finding of the jury is not supported by any evidence, and because the finding of the jury to Issue No. 5 was against the overwhelming preponderance of the evidence, and because the jury did not "make any specific finding that Fred F. Wentzel was guilty of negligence in failing to keep a proper lookout on the night in question while on his way from church to his home, since the truck parked on the street at night time without blinkers, tail lights and without flares set the required distance from the rear and front of it, constituted it a concealed object, not exposed to the view of the traveling public as required by law"

and (4) because the court failed to sustain appellants' objection to Issue No. 5 on the ground that it was on the weight of the evidence, "since it singled out the presumption that Fred F. Wentzel could have seen the dirty, muddy truck without blinkers, tail lights or flares set to the rear and front of the truck in time to have avoided the collision with the truck, although he could not have seen it by keeping a proper lookout until he was right on it, as testified to by Policeman Warren. Thus it will be noted that this was singling out the presumption that by a proper lookout he could have seen the truck in time to have avoided the collision with it. This was definitely a charge on the weight of the evidence by limiting and confining the jury in its finding as to whether Fred F. Wentzel kept a proper lookout, regardless of whether he could have seen the truck by keeping a proper lookout. It is quite obvious that this was a limitation of plaintiffs' rights and was a charge on the weight of the evidence, since it singles out a presumption in the issue and specifically directs the jury to that presumption alone and limits and confines the jury to the presumption in their deliberations. This presumption was included in the issue."

Appellee's counter points are substantially as follows: The judgment should be affirmed (1) because the jury's finding that Wentzel negligently failed to keep a proper lookout, and that such failure was a proximate cause of the collision, was supported by the evidence and the issues were correctly submitted; (2) because the jury properly found that Fred F. Wentzel was negligent in failing to apply timely the brakes of his vehicle; (3) because the appellee plead and proved, and the jury found, that Wentzel failed to keep his automobile under proper control; and (4) because the trial court correctly refused to award damages to appellants for the wrongful death of Mrs. Wentzel, since, had she lived, she would have been barred from recovery because of the contributory negligence of her husband.

Before discussing appellants' points, we think it is pertinent for us here to say that as a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3-B Tex.Jur. pp. 370 and 372. See also Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114, points 1 and 2; Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232, points 4, 5, and 6. Moreover, "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" (Citing cases.) See Olds v. Traylor, Tex.Civ.App., 180 S.W. 2d 511, 514, points 8 and 9, writ ref. Morever, "'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable."'" See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, point 6. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellate court is bound by such findings. See Lynch v. Mc-Lendon, Tex.Civ.App., 283 S.W.2d 88, point 3 (no writ history) and cases there collated. See ICT Ins. Co. v. Gunn, Tex. Civ.App., 294 S.W.2d 435 (n. r. e.) point at page 441; Consolidated Cas. Ins. Co. v. Baker, Tex.Civ.App., 297 S.W.2d 706 (n. r. e.).

As we understand appellants' brief and as we understand appellants' oral argument, it is their contention that the issue of proper lookout was not tendered by the evidence, but, if so, the evidence is insufficient to sustain it, or that there is no evidence to the effect that plaintiff failed to keep a proper lookout. We are not in accord with these views.

Plaintiff testified in part to the effect that he was driving about twenty miles per hour at the time of the accident; that he had his dimmers on; that under the conditions existing that night that his dim lights would enable him to see 80 to 100 feet down the street; that the bright lights of his car would have permitted him to see 300 feet down the street; that he saw the truck just about the same time as he saw the car parked across the street; that at the time he saw the parked truck, the headlights from an oncoming car were not bothering him; that he estimated that he saw the parked car and truck when he was about 50 to 60 feet away, and he had estimated on another occasion that he was 20 to 30 feet away; that his wife saw the truck and told him to "look out for the truck" before he ever saw it; that when his wife called out, he merely swerved to the left because he didn't know he was so close to the truck; that he hit the parked truck; that he didn't even know what he had hit until after he got out of the car; that at the speed he was traveling he could have stopped within just a few feet, "I would say 25 feet;" that he did not apply his brakes prior to the collision.

Evidence was also tendered to the effect that the street was 27 feet wide; that the truck was parked against the curb and was about 8 feet wide; that the car across the street was parked about one-third upon the grass; that the average car is a little over 6 feet wide. Under this testimony there was a space available for passing on the street of some 12 to 13 feet, and under the

evidence there was ample space betwen the parked car (which belonged to a Mrs. Hill) and the truck for plaintiff to have passed.

Police officer Morrison testified in part to the effect that only the right half of plaintiff's car hit the truck, and that if plaintiff had swerved four feet to his left, he would have missed the truck entirely; that he and officer Warren received the emergency call and they immediately proceeded to the scene of the accident; that they would drive to emergency calls "at a pretty good clip;" that when they arrived at the scene of the accident they had no trouble seeing the Ford, the truck and the Hill vehicle in the headlights of the patrol car.

Officer Warren testified to the effect that there were no skid marks left by plaintiff's vehicle; that his best estimate was that a Ford, with brakes in good condition, going 20 miles an hour, could stop within 30 feet.

Plaintiff's testimony covers some 112 pages in the Statement of Facts. We have read it most carefully, together with all of the other testimony tendered, and we are of the view that the jury, under all of the facts and surrounding circumstances, had the right to find that plaintiff failed to keep a proper lookout, and that such failure was a proximate cause of the accident.

Owing to the fact that defendant was guilty of negligence in parking the truck on the street and that such negligence was a proximate cause of the accident, and owing further to the fact that plaintiff lost his wife as a result of the accident, and this accident left him with three small children to care for, we deeply regret that we feel constrained to hold as above indicated.

We have given much consideration to Mr. Wentzel's testimony, and no doubt the jury, after considering his testimony fully in the light of all the facts and surrounding circumstances, believed that Mr. Wentzel was not watching the road as he should have been doing, and answered the issue to the effect that he failed to keep a proper lookout, and that such failure was a proximate

cause of the accident and injuries. See Roy Lee Lumber Co. v. Green, Tex.Civ. App., 299 S.W.2d 349 (n.r.e.).

■ But appellants contend in Point 3 that the jury made no finding that Wentzel's failure to keep a proper lookout was negligence. In connection with Issue 5, which was: "Do you find from a preponderance of the evidence that on the occasion in question Fred Wentzel failed to keep a proper lookout?" the court gave the following instruction: "By the term 'proper lookout,' as used in this charge, is meant such a lookout as a reasonably prudent person, in the exercise of ordinary care, would have kept under the same or similar circumstances." We think the rule is that where the issue relating to proper lookout is submitted to the jury, accompanied by an accurate definition of the term, the jury's affirmative finding on the issue amounts to a finding of negligence, and that it is unnecessary to submit an additional negligence issue. See Pope v. Jackson, Tex.Civ.App., 211 S.W.2d 958, affirmed Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Gillette Motor Transport v. Lucas, Tex.Civ.App., 138 S.W.2d 887 (writ dis.); Missouri K. & T. Ry. Co. of Texas v. Long, Tex.Civ.App., 23 S.W.2d 401 (writ ref.).

■ Moreover, the jury in its verdict found that plaintiff failed to keep his automobile under such control as would have been kept by a person of ordinary prudence in the exercise of ordinary care, and further found that such failure was a proximate cause of the collision. We think that appellants' contention that the foregoing issues have no support in the pleadings or in the evidence is without merit. See Arkansas Fuel Oil Co. v. State, 154 Tex. 573, 280 S. W.2d 723; Davis Transport, Inc., v. Bolstad, Tex.Civ.App., 295 S.W.2d 941; Reed v. Massey, Tex.Civ.App., 272 S.W.2d 910.

■ Finally, we think the trial court correctly refused to award damages to ap-

pellants for the wrongful death of Mrs. Wentzel, because had she lived, she would have been barred from recovery because of the contributory negligence of her husband. We think the law is well settled in Texas (1) that an injured party may not recover where his own negligence has contributed to cause the injury; (2) where the negligence of a husband has contributed to cause the injury to his wife, the wife may not recover; and (3) statutory beneficiaries suing under the wrongful death statute (Arts. 4671–4675, Vernon's Ann. Civ.St.) can recover only if the deceased, had she lived, could have recovered. See Bell v. Phillips Petroleum Co., Tex.Civ. App., 278 S.W.2d 407 (n. r. e.); Bostick v. Texas & P. Ry., Tex.Civ.App., 81 S.W.2d 216 (writ dis.); Dallas Ry. & Terminal v. Bosher, Tex.Civ.App., 278 S.W.2d 357 (n. r. e.); Dallas Ry. & Terminal v. High, 129 Tex. 219, 103 S.W.2d 735; Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795; Maxey Lumber Co. v. De Graw, Tex.Civ.App., 278 S.W. 2d 607 (n. r. e.); Southern Pine Lumber Co. v. Androde, Tex.Com.App., 132 Tex. 372, 124 S.W.2d 334 (opinion adopted); Valdez v. Yellow Cab Co., Tex.Civ.App., 260 S.W. 2d 715.

We think it is clear from the foregoing authorities that had Mrs. Wentzel lived, she would have been barred from any recovery because of the contributory negligence of her husband. Moreover, we think it is well settled that a person bringing suit under the wrongful death act (Arts. 4671–4675) can recover only if the deceased could have maintained an action had death not ensued as set forth in Art. 4672. We quote that Article: "The wrongful act, negligence, carelessness, unskilfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury." We think that further discussion of this matter or the foregoing authorities would be of no avail.

Therefore, we are of the view that under the verdict of the jury, the trial court en-

tered the only judgment that could have been entered, and each of appellants' points is overruled and the judgment of the trial court is affirmed.

HALE, J., took no part in the consideration and disposition of this case.